PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:22-cr-00239 JLT/SKO |
| Plaintiff, | **STIPULATION TO CONTINUE MAY 3, 2023 STATUS CONFERENCE TO AUGUST 16, 2023; ORDER** |
| v. | Ctrm:   8 |
| | Hon. Sheila K. Oberto |
| JAMES PATRICK BREEDLOVE III, | |
| Defendant. | |

This case is set for a status conference on May 3, 2023. Dkt. 17. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1 | will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and
2 | previous General Orders were entered to address public health concerns related to COVID-19.
3 |       On May 26, 2021, and in part "given the progress in vaccination programs and the resulting
4 | lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and
5 | death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court:
6 | (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold
7 | proceedings over which that Judge presides in person in a courtroom or by telephone or
8 | videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or
9 | video conference . . . [the Court] continues to authorize the use of telephone or video conference with a
10 | defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above
11 | protocols were recently extended through June 14, 2023, or "30 days after the national emergency ends".
12 | General Order 662 (E.D. Cal. March 16, 2023).
13 |       Although the General Orders address the district-wide health concern, the Supreme Court has
14 | emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
15 | openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
16 | *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no
17 | exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at
18 | 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
19 | judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
20 | or in writing").
21 |       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
22 | and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-
23 | justice continuances are excludable only if "the judge granted such continuance on the basis of his
24 | findings that the ends of justice served by taking such action outweigh the best interest of the public and
25 | the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable
26 | unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
27 | the ends of justice served by the granting of such continuance outweigh the best interests of the public
28 |

and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether tahere is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

///

///

3

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and John F. Garland, counsel for defendant James Patrick Breedlove III ("defendant"), that this action's **Wednesday, May 3, 2023 status conference be continued to Wednesday, August 16, 2023, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The grand jury returned an indictment regarding this matter on September 1, 2022. Dkt. 1. Since that time, the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of confidential information regarding third parties without redactions, which the court endorsed by way of formal order on November 7, 2022. Dkt. 12. The government then prepared and delivered an initial set of discovery to defense counsel afterwards, and within the time limits set forth by Eastern District (Cal.) Local Rule 16-440. The defense is and has been reviewing discovery thus far provided.

2. The government currently believes all discovery has been produced pursuant to Rule 16 or otherwise made available for the defense's inspection and review pursuant to the Adam Walsh Act. The government is nevertheless following up with law enforcement to determine the extent supplemental discovery exists. If the government identifies additional information that should be produced as supplemental discovery, the government will promptly produce it to defense counsel in accord with Rule 16.

3. As defense counsel completes his analysis of the discovery produced in this case, counsel for the government will work with the defense and the FBI's Bakersfield office to ensure that it is able to also timely review, upon its request, any electronic evidence in this case in accord with relevant provisions of the Adam Walsh Act. As referenced in the Indictment, this case involves multiple electronic devices, each of which containing voluminous data.

4. By the time of the continued status conference and as all discovery is obtained, produced and timely reviewed, the parties further intend to explore the extent this case can be resolved

prior to trial.

5. Defense counsel needs more time to complete its investigation, determine the extent an expert should be hired, and communicate with both defendant (under pretrial supervision in Idaho) and government counsel about a potential pretrial resolution of this case.

6. The parties therefore stipulate that the period of time from May 3, 2023 through August 16, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: April 20, 2023                             PHILLIP A. TALBERT
                                                  United States Attorney

                                            By:   /s/ Brian W. Enos
                                                  Brian W. Enos
                                                  Assistant United States Attorney


                                                  (*As authorized 4/20/23*)

Dated: April 20, 2023                       By:   /s/ John F. Garland
                                                  John F. Garland
                                                  Attorney for Defendant
                                                  James Patrick Breedlove III

**O R D E R**

IT IS SO ORDERED that the status hearing currently set for May 3, 2023 at 1:00 pm is continued until August 16, 2023, at 1:00 pm.

IT IS FURTHER ORDERED THAT the period of time from May 3, 2023 through August 16, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: 4/24/2023

*Sheila K. Oberto*
Honorable Sheila K. Oberto
United States Magistrate Judge